OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition, dated March 12, 2012, containing four charges of professional misconduct. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the Grievance Committee’s motion.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary for a use other than that for which they were intended, in violation of former Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). The respondent maintained an attorney trust account at HSBC bank entitled “Jeffrey C. Daniels, PC. Attorney Escrow Account,” which he used incident to his practice of law. As of March 5, 2007, the respondent was required to maintain approximately $136,821.74 in the account to preserve his clients’ interests in various outstanding checks. However, on or about March 5, 2007, the account showed a balance of negative $284,660.55. The respondent discovered the shortage in March 2007, and borrowed $275,000 to replenish the account. On or about March 6, 2007, the respondent deposited the sum of $175,000. On or about March 7, 2007, the account showed a balance of negative $85,118.08. On or about March 8, 2007, the respondent deposited another $100,000. Nevertheless, on or about April 4, 2007, the account showed a balance of negative $9,559.90. On or about May 16, 2007, the account showed a balance of negative $65,299.52. On or about May 17, 2007, the account showed a balance of negative $65,849.52.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary for a use other than that for which they were intended, in violation of former Code of Profes *103 sional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about April 2, 2007, the respondent issued 16 checks, and three certified checks, totaling $419,465.73, from his attorney trust account on behalf of a client in “the Martinez matter.” The 16 checks and three certified checks were negotiated and paid by April 16, 2007. On or about April 23, 2007, the respondent deposited $419,000 into his attorney trust account. However, as there were no corresponding funds on deposit in the respondent’s attorney trust account at the time the 16 checks and three certified checks were negotiated and paid, they were necessarily honored against other clients’ funds.
Charge three alleges that the respondent issued a check made payable to cash from his attorney trust account, in violation of former Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). On or about July 2, 2007, the respondent issued a check from his attorney trust account in the sum of $4,000, made payable to cash, which was negotiated and paid on or about July 5, 2007.
Charge four alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the specifications of charges one, two, and three.
In view of the respondent’s admissions and the evidence adduced, the Special Referee properly sustained all four charges. The Grievance Committee’s motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline to impose, we note that the foregoing misappropriations were not made with a venal intent. Rather, they were the result of negligent oversight by the respondent of his attorney trust account due to the grave illness and death of his wife, and his own ensuing health difficulties. In the absence of proper oversight, the respondent failed to become aware in a timely fashion that he had not received two bank wires, in advance of disbursing funds, and which resulted in the deficiencies in the trust account. Additionally, we have considered the respondent’s remedial actions, including the extraordinary efforts undertaken to personally replenish the shortages in his trust account, the lack of injury to any client, his contributions to the legal profession, and the absence of any prior disciplinary history.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
*104 Eng, EJ., Mastro, Rivera, Skelos and Dillon, JJ., concur. Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, Jeffrey Charles Daniels, is publicly censured for his professional misconduct.